UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C19-6212-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by: (1) finding Plaintiff's gastrointestinal condition non-severe at step two; (2) discounting Plaintiff's subjective testimony; (3) failing to fully develop the record; (4) and improperly determining Plaintiff was capable of past relevant work and the applicability of his transferrable skills to other professions.[1] (Dkt. # 10 at 3-4.). As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

[1] Plaintiff additionally argues that these primary errors led to errors in the ALJ's residual functional capacity ("RFC") assessment and step-five findings. (Dkt. # 10 at 11.) However, because these errors merely reiterate arguments addressed in the primary errors, these assignments of error need not be discussed separately.

## II. BACKGROUND

Plaintiff was born in 1961, has a GED, and has worked as a home attendant. AR at 23. Plaintiff was last gainfully employed in August 2016. *Id.* at 18.

On August 26, 2016, Plaintiff applied for benefits, initially alleging disability as of May 8, 2000, but later amending this date to August 2, 2016. AR at 15. Plaintiff's applications were denied initially on January 25, 2017, and on reconsideration on March 2, 2017, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on June 28, 2018, the ALJ issued a decision on November 7, 2018, finding Plaintiff not disabled. *Id.* at 25.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

> Step one: Plaintiff has not engaged in substantial gainful activity since August 2, 2016, the amended alleged onset date (20 C.F.R. 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> Step two: Plaintiff has the following severe impairments: history of intermittent claudication, lower extremity vascular disease, angina, tachycardia, small vessel vasospasm (syndrome X), lumbago, and sciatica (20 C.F.R. § 404.1520(c), 416.920(c)).
>
> Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]
>
> Residual Functional Capacity: Plaintiff can perform light work that does not require crawling or climbing of ladders, ropes, or scaffolds; that does not require more than occasional balancing, stooping, kneeling, crouching, or climbing of ramps or stairs; that does not require concentrated exposure to humidity, wetness, vibration, pulmonary irritants, or extreme heat; that allows use of a cane while walking; and that does not require any exposure to extreme cold or hazards.
>
> Step four: Plaintiff can perform past relevant work as a home attendant.
>
> Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 18-24.

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 3.)

**III. LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err in Evaluating the Severity of Plaintiff's Gastrointestinal Condition

Plaintiff initially argues that the ALJ erred in finding his gastrointestinal condition non-severe and did not properly consider its impact on his exertional abilities. (Dkt. # 10 at 4-5.) Plaintiff argues that the unavailability of records concerning his gastrointestinal condition from an August 2018 exploratory procedure made the ALJ's finding premature and amounted to harmful error. (*Id.* at 5.) Plaintiff additionally argues that the ALJ erred by failing to consider his gastrointestinal condition would require additional bathroom breaks or access to restroom facilities, which affected the outcome of his RFC. (*Id.* at 5-6.)

Under step two, an ALJ must consider all conditions a claimant has and determine whether they are "severe" or "non-severe." 20 C.F.R. § 404.1520(c). An impairment is considered "non-severe" where the condition does not significantly limit a claimant's ability to perform basic work activities. 20 C.F.R. § 404.1522(a). Basic work activities comprise of the abilities and aptitudes necessary to do most jobs. 20 C.F.R. § 404.1522(b).

Based on the record before the Court, the ALJ reasonably determined the evidence concerning Plaintiff's gastrointestinal condition did not demonstrate a severe impairment. The ALJ discussed Plaintiff's gastrointestinal condition at step two and noted that: (1) a January 2018 colonoscopy revealed a mass; (2) Plaintiff underwent a colectomy; and (3) although Plaintiff suffered complications, his condition was improved by April 2018. AR at 18, 466-68, 510. The ALJ noted there were no further complications with Plaintiff's gastrointestinal condition, and therefore, no indication his gastrointestinal ailment had caused him significant vocational limitations for at least 12 consecutive months. *Id.* at 18.

The ALJ found several of Plaintiff's other impairments were severe including Plaintiff's: (1) history of intermittent claudication; (2) lower extremity vascular disease; (3) angina; (4) tachycardia; (4) small vessel vasospasm (syndrome X); (5) lumbago; and (6) sciatica. AR at 18. Despite the categorization of Plaintiff's gastrointestinal condition as non-severe, the ALJ considered all of Plaintiff's conditions together at step two. *Id.*; *see Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (holding that an ALJ's RFC assessment must consider the limitations caused by all of a claimant's medically determinable impairments regardless of severity). As such, Plaintiff did not suffer any prejudice at step two. *See Buck*, 869 F.3d at 1049 (finding RFC should be exactly the same regardless of whether certain impairments are considered "severe" or not); *Burch v. Barnhart*, 400 F.3d 676, 682-83 (9th Cir. 2005).

Moreover, Plaintiff failed to offer any evidence to support the need for an additional bathroom break limitation due to his gastrointestinal condition. (*See* Dkt. 10 at 5-6.) Plaintiff has the burden to prove he is disabled and must inform the agency about, or submit all, evidence known to him that relates to the alleged disability. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). Plaintiff failed to submit any evidence in the record, or at the hearing, for the ALJ's consideration to demonstrate Plaintiff's need for additional restroom breaks. Therefore, the ALJ reasonably evaluated Plaintiff's gastrointestinal condition, and Plaintiff did not suffer prejudice at step two, as substantial evidence existed in the record supporting the ALJ's determination that Plaintiff's gastrointestinal condition was non-severe. *See* 20 C.F.R. § 404.1522; *Buck*, 869 F.3d at 1049.

**B. The ALJ Did Not Err in Discounting Plaintiff's Subjective Testimony**

Plaintiff next contends the ALJ failed to properly evaluate Plaintiff's testimony. (Dkt. # 10 at 6-7.) Plaintiff specifically argues that the ALJ failed to properly assess Plaintiff's

testimony concerning his exertional limitations due to his back and chest issues and that this constituted reversible error because Plaintiff requires greater exertional limitations than those outlined in his RFC. (*Id* at 7.)

Absent affirmative evidence showing the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). An ALJ may consider inconsistent statements by a claimant in assessing his subjective complaints. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). An ALJ does not err by excluding limitations from properly discounted medical evidence or subjective complaints that were properly found unreliable. *Bayliss*, 427 F.3d at 1217; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

At the hearing, Plaintiff testified that he does not lift or carry anything over 10 pounds, he must stand up and move around every 15 minutes when sitting, he has difficulties with stair climbing, and he has required the use of a cane since 2003. AR at 40, 44-45. Plaintiff testified that he is regularly short of breath and has sharp chest pains due to his heart condition. *Id.* at 45, 47-48. Plaintiff testified that he has "good and bad days" and he does not believe he would be able to complete an eight-hour work day because he must stand every 10 minutes and would need frequent breaks. *Id.* at 49, 51. Plaintiff additionally testified that he worked as a home attendant for a disabled individual until she passed away. *Id.* at 39. Plaintiff testified that he would not be applying for disability if the individual had not passed away because he could have continued to perform his job. *Id.* at 40.

Given the overall record on Plaintiff's back and chest conditions, the ALJ reasonably discounted Plaintiff's subjective testimony concerning his ailments because the degree of

limitation asserted by Plaintiff was inconsistent with the medical evidence. First, the ALJ noted Plaintiff's medical record showed improvement in both Plaintiff's back and chest impairments. AR at 20. Impairments that can be controlled effectively with treatment are not disabling. *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff's medical records demonstrate he had improvement with his back pain, noting that he was better able to climb stairs in April 2017. AR at 694. In July 2017, Plaintiff indicated he was able to complete most activities of daily living. *Id.* at 727-28. The ALJ noted that examinations in 2016 and 2017 also showed mild findings concerning his back ailment. *Id.* at 20-21, 695, 727-28, 819. In an examination shortly before Plaintiff's June 2018 hearing, Plaintiff had minor difficulty moving, and no sensory or motor deficit. *Id.* at 1141.

Similarly, the record demonstrates improvement with Plaintiff's chest issue. AR at 21. In January 2018, Plaintiff underwent a left heart catheterization, which demonstrated normal coronary arteries. *Id.* at 418-22. He was treated with medication for his symptoms. *Id.* at 600, 616. The ALJ noted that, while Plaintiff continued to endorse chest pain with exertion, there was no evidence of congestive heart failure upon examination in May 2018. *Id.* at 21, 616. The ALJ noted the medical record demonstrated Plaintiff's chest symptoms remained stable after this time. *Id.*

Next, the ALJ noted that the lack of medical treatment sought by Plaintiff for his ailments was inconsistent with the degree of limitation asserted by Plaintiff. AR at 21. An ALJ may properly rely on an unexplained or inadequately explained failure to seek treatment when evaluating credibility. *Molina*, 674 F.3d at 1113-14. On September 12, 2016, Plaintiff told Dr. Tsoi he had last seen a doctor in 2005 for his back issues. *Id.* at 21, 382. Dr. Tsoi noted it was peculiar considering the impairment asserted and that Plaintiff had not sought medical attention

for his lower back pain in over a decade. *Id.* Chiropractor Kenneth Stillwell reported on September 20, 2016, that he had irregularly treated Plaintiff for neck or back pain and the periodic treatments provided relief. *Id.* at 21, 292-304.

Finally, the ALJ noted Plaintiff's alleged need for a cane was inconsistent with the medical record. AR at 21. A lack of supportive medical evidence is a valid consideration when evaluating testimony. *Burch*, 400 F.3d at 681. Plaintiff testified he regularly requires a cane when outside of his house since 2003. AR at 45. However, the record did not show use of a cane until Plaintiff appeared for examinations in 2016 to assess his claims for disability. *Id.* at 21, 306-12, 381-83. No further cane use was noted until March 2017 and then not again until almost a year later. *Id.* at 21, 671. Plaintiff's activities also tended to show greater abilities than claimed by Plaintiff. *Id.* at 22, 308. Plaintiff reported he was able to drive, complete personal care tasks, prepare meals, do household chores, build model cars, do woodworking, and build sheds. *Id.*

In addition to the medical record on Plaintiff's back and chest ailments, the ALJ noted that Plaintiff stopped working for reasons other than his impairments. AR at 21. An ALJ can consider a claimant stopping work for reasons other than their impairments when evaluating testimony. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). The ALJ noted Plaintiff's alleged date of disability closely corresponded to the death of the individual and termination in employment instead of an actual change in his medical condition. *Id.* at 15, 21, 190-91. Plaintiff additionally testified that he would still be working had his patient not passed away. *Id.* at 39-40.

Given the evidence in the record, the ALJ provided clear and convincing reasons to discount Plaintiff's subjective complaints stemming from his back and chest ailments. *Burrell v. See Colvin*, 775 F.3d at 1136-37; *Molina*, 674 F.3d at 1112. Consequently, substantial evidence in the record supported the ALJ's evaluation of Plaintiff's subjective complaints.

**C. The ALJ Did Not Err by Failing to Fully Develop the Record**

Next, Plaintiff argues that the ALJ failed to fully develop the record. (Dkt. # 10 at 10.) Plaintiff argues that because no medical opinion exists in the record after March 2017, the ALJ failed to develop the record by not requiring another consultive evaluation of Plaintiff, additional medical expert testimony, or a supplemental hearing to account for the gap in time between the last medical opinion evidence in the record and the date of decision.[4] (*Id.*)

An ALJ has an independent "'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)); *see also* 20 C.F.R. § 404.1512(b). The ALJ's duty to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The ALJ may discharge this duty in several ways, including: subpoenaing claimant's physicians, submitting questions to claimant's physicians, continuing the hearing, or by keeping the record open after the hearing to allow for supplementation of the record. *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *Smolen*, 80 F.3d at 1288.

Plaintiff fails to demonstrate the record was inadequate to allow the ALJ to make a disability determination on the evidence before him. Plaintiff does not identify how further

[4] Plaintiff additionally raises, as a separate issue, that the ALJ gave undue weight to the 2017 State agency medical consultant opinions and consultative examiner Dr. Tsoi's medical opinion. (Dkt. # 10 at 8.) However, Plaintiff's argument centers around a concern that a large volume of Plaintiff's medical record arose after March 2017, including Plaintiff's heart procedure and operation regarding a mass in his colon. (*Id.*) Therefore, Plaintiff argues the medical opinion evidence utilized by the ALJ was incomplete because the evaluator's assessments were not an assessment of Plaintiff's entire medical record and require further investigation. (*Id.*) As such, these concerns largely reiterate Plaintiff's argument alleging a failure to develop the record.

medical opinion evidence or examination was necessary to adjudicate Plaintiff's disability status. The record available to the ALJ at the time of the hearing was not ambiguous or inadequate as it contained extensive treatment notes regarding all of Plaintiff's ailments up until the June 2018 hearing. *See* AR at 31-1161. Furthermore, at the end of the hearing, the ALJ specifically asked if Plaintiff or his attorney were aware of any additional evidence that relates to disability, and Plaintiff's counsel responded in the negative. AR at 65. Finally, Plaintiff, despite having the opportunity to obtain and submit additional opinion evidence at the hearing or Appeals Council level, failed to do so.

The ALJ's duty to develop the record was not triggered because the record was neither ambiguous nor inadequate to allow for proper evaluation of the evidence to determine Plaintiff's disability status. *See Mayes*, 276 F.3d at 459-60. Accordingly, the ALJ did not err by failing to develop the record.

**D.   The ALJ Did Not Err at Step Four in Finding Plaintiff Capable of Past Relevant Work**

Finally, Plaintiff argues that the proper classification for his work history and exertion should have been sedentary, instead of light, because of his age when he applied for disability. (Dkt. # 10 at 13.) Plaintiff further argues that the ALJ's misclassification of his exertion ability calls into question the applicability of his transferrable skills to other professions. (*Id.*) As such, Plaintiff essentially argues that the ALJ erred at step four in finding Plaintiff capable of his past relevant work. (*Id.*)

At step four, "the claimant has the burden to prove that he cannot perform his prior relevant work either as actually performed or as generally performed in the national economy." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008). The step-four analysis is limited solely to determining whether the claimant can perform past relevant work. *Id.*

(citing *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985); *see also* 20 C.F.R. §§ 404.1520, 416.920. Only if the ALJ finds that the claimant can no longer perform his past work does the analysis move to step five in determining whether the claimant can perform any other work that exists in the national economy. *Valencia*, 751 F.2d at 1086-87.

Plaintiff's argument concerning the ALJ's step-four analysis fails because it is clear from the record that Plaintiff was capable of performing his past relevant work as a home attendant. AR at 23, 39-40. In fact, Plaintiff testified that he would not be applying for disability if the individual he cared for had not passed because he could have continued to perform his job. *Id.* at 39-40. Despite resolving the issue at step four, the ALJ gave alternative step-five findings determining Plaintiff capable of light work. *Id.* at 23-24. However, the ALJ's findings at step five were unnecessary because Plaintiff was determined capable of his past relevant work at step four. *See Valencia*, 751 F.2d at 1086-87. Accordingly, the ALJ did not err in classifying Plaintiff's exertional ability.

In conclusion, because substantial evidence supports the ALJ's assessment of the evidence regarding Plaintiff's limitations, as previously explained above, the ALJ's decision should be affirmed.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 23rd day of July, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge